ROCCO DESTEFANO, for appellant.

LOUIS SHISSLER and JOHN A. STAGG, for appellees.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 321*—*when certificate of sale to tenant not admissible in suit for rent.* In an action against a tenant in possession for rent, a certified copy of a master's certificate of sale to defendant is not admissible to show that defendant is not accountable for the rent.

2. LANDLORD AND TENANT, § 131*—*when tenant estopped from denying landlord's title.* A tenant in possession is estopped from denying title of his landlord, and he must surrender possession before he can assail that title or set up title in himself.

3. LANDLORD AND TENANT. § 321*—*when evidence of a claim for repairs by tenant, inadmissible.* In an action for rent under a lease requiring lessee to keep premises in repair at his own expense and to make no alterations except with lessor's consent, evidence offered by defendant of a claim for repairs made by him without lessor's consent, *held* inadmissible.

4. MORTGAGES, § 607*—*rights of holder of certificate of sale.* Holder of a certificate of sale is not entitled to possession of the premises or to the rents, issues or profits thereof during the period of redemption.

John Dadie, Administrator, Appellee, v. City of Chicago et al., Appellants.

Gen. No. 17,981. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 9, 1913. Rehearing denied October 23, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Statement of the Case.

Action by John Dadie, administrator of the estate of Thomas M. Smith, deceased, against the city of Chicago to recover damages for the death of deceased alleged to have been occasioned by falling from a wagon on account of a certain hole permitted by defendants to remain in the street. From a judgment in favor of plaintiff against the city of Chicago for eleven thousand one hundred and twenty-three dollars, the City of Chicago appeals.    . , , , , ,

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellants; DAVID R. LEVY, of counsel.

JOHNSON & BELASCO, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1087*—*when evidence to establish defect in street, improper.* In an action for injuries caused by city permitting a hole to remain in street testimony of plaintiff's witnesses regarding a hole in the street more than one hundred and fifty feet away from the place where the only eyewitness testified that the accident occurred, *held* improper and prejudicial.

2. MUNICIPAL CORPORATIONS, § 1091*—*when evidence of defects in street, other than caused the injury, inadmissible.* While in some cases proof of the general condition of a street near the place of accident may be admissible as tending to establish notice to the city, still notice to the city of a particular defect which caused the injury cannot be established by proof of another particular defect which is in no way related to the former and did not contribute to the injury.

3. MUNICIPAL CORPORATIONS, § 1098*—*sufficiency of evidence.* Evidence *held* insufficient to prove that city had notice of defect in street.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.